IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3098-D

| | | |
|---|---|---|
| JAMES EDWARD HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF RALEIGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 16, 2010, James Edward Harris ("Harris" or "plaintiff"), a former pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Harris seeks leave to proceed in forma pauperis [D.E. 2]. On September 24, 2010, Harris filed an "emergency supplement motion for investigation" [D.E. 3]. On October 18, 2010, Harris filed an "emergency supplement motion for summary judg[ment]" [D.E. 4]. On November 23, 2010, Harris filed an "emergency supplement motion support of summary judg[ment]" [D.E. 5]. On March 8, 2011, Harris filed an "emergency supplement motion in support of summary judg[ment]" [D.E. 6]. On April 27, 2011, Harris filed a document titled "emergency information in support of summary judg[ment]" [D.E. 7].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72,

75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

To state a claim under 42 U.S.C. § 1983, Harris must allege: (1) that defendants deprived him of a right secured by the Constitution and laws of the United States; and (2) that defendants deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Philips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The court construes each of Harris's five filings[1] [D.E. 3–7] as motions to amend his complaint. A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). See Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of the opposing party or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Harris's complaint is subject to review under section 1915A, no defendant has

---

[1] The clerk did not docket plaintiff's November 23, 2010, March 8, 2011, and April 27, 2011 filings [D.E. 5–7] as motions.

been served. Accordingly, Harris's motions to amend [D.E. 3–6] are granted, and the court reviews these additional materials together with the original complaint to determine whether Harris has stated a claim upon which relief may be granted. However, Harris's most recent motion to amend is unrelated to his other allegations, and the court denies Harris's motion to amend [D.E. 7].

Taken together, Harris makes the following allegations. Harris is homeless and a veteran of the United States Marine Corps. Compl. 3. Harris alleges that he often holds a sign[2] in the City of Raleigh which results in "various wrongful arrests by the defendants and other unknown names between 2004–2009" and "false confinement" for charges of "begging and assault." Id. The charges are often dismissed in court. Id. Harris further alleges that he has frequently sustained injuries to a left dislocated shoulder and a "left bolted ankle" by police officers in the course of arresting him. Id. at 6; Emergency Mot. (Oct. 8, 2010) ¶¶ 1–2; Emergency Mot. (Nov. 23, 2010) ¶ 1; Emergency Mot. (Mar. 8, 2011) ¶ 1.

Harris alleges that he was arrested on September 17, 2010, on a "15 yrs old" charge and at his initial appearance was advised of "another 14 yrs. old case." Harris contends "it appears that in both . . . case[s] that I am the wrong person charged" and he is frequently "expos[ed] . . . to various mistakes made by law officials" due to his "most common name." Emergency Mot. (Sep. 24, 2010) ¶¶ 1–3 (emphasis removed). Harris alleges that probation officer Catrice Wilson prevented him from appearing in court on February 16, 2011, resulting in a three-year sentence of probation, and that Wilson "maliciously and knowingly failed to read Miranda Rights thus coerced [Harris] to sign papers for extended probation without [his] lawyer present." Emergency Mot. (Mar. 8, 2011) ¶¶ 1–3. Harris also challenges the calculation of his "jail time credit" by the North Carolina

---

[2] The signs are religious in nature. Compl. 4; Emergency Mot. (Oct. 18, 2010) ¶ 1.

3

Department of Correction (NCDOC) and his "eligibility to earn any gain time or merit time" while confined at Neuse Correctional Institution (NCI). Emergency Information (Apr. 27, 2011) ¶¶ 1–2.[3] Harris has named as defendants the City of Raleigh, several Raleigh police officers (J. Bishop, R.A. Steele, J. Miller, R. Davis, and M.V. Curci), and a probation officer (Catrice Wilson). Compl. 1–2; Emergency Mot. (Oct. 18, 2010) ¶ 1; Emergency Mot. (Nov. 23, 2010) ¶ 1; Emergency Mot. (Mar. 8, 2011) ¶¶ 1–3.

Initially, the court addresses Harris's allegation that his September 17, 2010 arrest was based on a warrant for someone else. See Emergency Mot. (Sept. 24, 2010) ¶¶ 1–3. Such an allegation, without more, does not violate any constitutional right. See, e.g., Miller v. Prince George's County, 475 F.3d 621, 627–28 (4th Cir. 2007) (noting allegations of negligence or innocent mistake do not provide a basis for a constitutional violation); Thompson v. Prince William County, 753 F.2d 363, 364–65 (4th Cir. 1985) ("Not every mix-up in issuance of an arrest warrant . . . automatically constitutes a constitutional violation for which a remedy may be sought."); Peacock v. Mayor and City Council of Baltimore, 199 F. Supp. 2d 306, 309 (D. Md. 2002) ("It is well established that when an arrest and subsequent detention are undertaken pursuant to a facially valid warrant, there is no violation of the Fourth Amendment. The Fourth Circuit has specifically held that an arresting officer has no affirmative obligation to investigate the claims of an arrestee." (citations omitted)).

Next, the court addresses Harris's claim that probation officer Catrice Wilson prevented him from appearing in court on February 16, 2011, resulting in his being sentenced to three years of probation, and "maliciously and knowingly failed to read Miranda Rights thus coerced [Harris] to

---

[3] Harris was incarcerated at NCI after being convicted for wanton injury to personal property. See N.C. Dep't of Corr., Offender Public Information, http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0170265 (last visited May 2, 2011).

4

sign papers for extended probation without [his] lawyer present." Emergency Mot. (Mar. 8, 2011) ¶¶ 1–3. Harris has not alleged circumstances giving rise to any right to a Miranda warning. See, e.g., Minnesota v. Murphy, 465 U.S. 420, 430 & n.5 (1984); United States v. Lawal, 104 F. App'x 877, 879 (4th Cir. 2004) (per curiam) (unpublished) ("Where a probationer is interviewed by his probation officer in a non-custodial setting, and he is free to leave at the end of the meeting, the interview is not 'inherently compelling,' and Miranda warnings are not required.").

Moreover, to the extent Harris alleges he was wrongly convicted which resulted in the term of probation, to recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See, e.g., Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (applying Heck to a probation revocation proceeding); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (per curiam) (same). Thus, Harris has failed to state a claim against Wilson.

As for the City of Raleigh, Harris has failed to state a claim against this defendant on which relief may be granted. Alleging that a municipal employee committed a constitutional violation is necessary in order to state a claim against a municipality, but is not sufficient. "[A] municipality is only liable under section 1983 if it causes [a constitutional] deprivation through an official policy or custom." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999); see, e.g., Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 403–04 (1997). This requirement limits municipal liability under section 1983 to those actions for which the municipality is actually responsible by distinguishing between acts attributable to the municipality and acts attributable only to municipal

5

employees. See, e.g., Bd. of County Comm'rs, 520 U.S. at 403–04; Riddick v. Sch. Bd. of Portsmouth, 238 F.3d 518, 523 (4th Cir. 2000). Therefore, a municipality may not be found liable under section 1983 based on a theory of respondeat superior or simply for employing a tortfeasor. See, e.g., Bd. of County Comm'rs, 520 U.S. at 403.

"The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." Bd. of County Comm'rs, 520 U.S. at 404; see, e.g., City of Canton v. Harris, 489 U.S. 378, 389 (1989) ("Municipal liability under [section] 1983 attaches where – and only where – a deliberate choice to follow a course of action is made from among various alternatives." (quotation and alteration omitted)). Thus, a plaintiff must do more than identify something that the municipality "could have done" to prevent the alleged injury. See Harris, 489 U.S. at 392; City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985) (plurality opinion). Specifically, to impose section 1983 liability on a municipality, a plaintiff must show that "a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." Bd. of County Comm'rs, 520 U.S. at 411; see Harris, 489 U.S. at 392; Carter, 164 F.3d at 218. Harris has failed to meet this high burden, and his claims against the City of Raleigh are dismissed as frivolous.

As for Harris's claims of excessive force during various arrests, as a pre-trial detainee, Harris has the constitutional right to be free from the use of excessive force that amounts to punishment. See, e.g., Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Bell v. Wolfish, 441 U.S. 520, 535–39 (1979). The court reviews his excessive force claims under the due process clause of the Fourteenth Amendment. Carr v. Deeds, 453 F.3d 593, 605 (4th Cir. 2006); Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997) (en banc). To succeed on his claim of excessive force, Harris must show the infliction of "unnecessary and wanton pain and suffering." Carr, 453 F.3d at 605 (citation and

6

quotation omitted). "The proper inquiry is whether the force applied was in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. (quotation omitted). It does not clearly appear from the face of the complaint that Harris is not entitled to relief; thus, these claims are allowed to proceed.

Finally, Harris challenges NCDOC's calculation of his jail time credits at NCI for a misdemeanor sentence imposed on February 23, 2011. See Emergency Information (Apr. 27, 2011), Ex. 1 (Administrative Grievance). Harris's motion to add claims concerning NCDOC's calculation of jail time credits implicates Rule 20(a)(2) of the Federal Rules of Civil Procedure, which states:

Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Rule 20(a)(2) does not provide a license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir. 1997); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) (unpublished); Robinson v. Johnson, No. 3:07CV449, 2009 WL 874530, at *1 (E.D. Va. Mar. 26, 2009) (unpublished). Harris's proposed additional claim against NCDOC bears no relation to his other claims. Thus, the court denies his motion to amend.

In sum, the court ALLOWS Harris's motions [D.E. 3–6] in part, only to the extent they seek to amend the complaint. The court DENIES Harris's motion [D.E. 7] to amend his complaint. The court DISMISSES Harris's claim alleging an arrest based on mistaken identity on September 17,

7

2010, as well as any claim against Catrice Wilson or the City of Raleigh for failure to state a claim upon which relief can be granted. Harris's claims alleging excessive force during arrests against defendants J. Bishop, R.A. Steele, J. Miller, R. Davis [D.E. 1], and M.V. Curci [D.E. 4] are allowed to proceed. The Clerk of Court is DIRECTED to maintain management of this action.

SO ORDERED. This _2_ day of May 2011.

JAMES C. DEVER III
United States District Judge

8

Case 5:10-ct-03098-D   Document 8   Filed 05/02/11   Page 8 of 8