IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3098-D

| | | |
|---|---|---|
| JAMES EDWARD HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CITY OF RALEIGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 16, 2010, James Edward Harris ("Harris" or "plaintiff"), a former pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Harris seeks leave to proceed in forma pauperis [D.E. 2]. On May 2, 2011, the court reviewed Harris's original complaint along with five additional filings pursuant to 28 U.S.C. § 1915, and allowed plaintiff's claims concerning alleged excessive force during various arrests to proceed against defendants J. Bishop, R.A. Steele, J. Miller, R. Davis, and M.V. Curci [D.E. 8]. On June 3, 2011, defendants filed a motion to dismiss [D.E. 13], along with a memorandum in support [D.E. 14] and additional information [D.E. 15]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Harris about the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 16]. Between June 27 and September 2, 2011, Harris filed various materials in opposition [D.E. 17, 20–22]. On September 29, 2011, Harris filed a motion to amend his complaint [D.E. 24]. On October 4, 2011, defendants filed additional materials in support of their motion to dismiss [D.E. 25]. As explained below, the court grants in part defendants' motion to dismiss, denies in plaintiff's motion to amend, revokes plaintiff's application to proceed in forma pauperis, and dismisses the action without prejudice.

I.

Defendants seek dismissal "pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(5), and 12(b)(6) and 28 U.S.C. § 1915(g), . . . for lack of personal jurisdiction, insufficient service of process, failure to state a claim upon which relief can be granted, and violation of 28 U.S.C. § 1915(g)." Mot. Dismiss 1. In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569–70 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), cert. granted, 131 S. Ct. 3059 (2011); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 129 S. Ct. at 1949–50. Similarly, a court need "not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The court first addresses defendants' argument that Harris's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(g). The Prison Litigation Reform Act ("PLRA") allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or

2

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. See Tolbert v. Stevenson, 635 F.3d 646, 648–50 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 406–07 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999). The PLRA also provides that "the court shall dismiss the case at any time if the court determines that" the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); see also Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006).

Defendants have submitted evidence that Harris has filed at least three cases that the United States District Court for the Eastern District of North Carolina has dismissed as frivolous. These dismissals include: Harris v. Moss, et al., No. 5:90-CT-304-BO (E.D.N.C. June 20, 1990) (unpublished); Harris v. Burgess, et al., No. 5:90-CT-338-BO (E.D.N.C. July 10, 1990) (unpublished); and Harris v. Hadden, et al., No. 5:95-CT-441-BO (E.D.N.C. Dec. 20, 1995) (unpublished). See [D.E. 25].

Because Harris has three strikes, Harris must show that he is "under imminent danger of serious physical injury" in order to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to meet the exception to the three-strikes rule. See id. Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern

3

of misconduct evidencing the likelihood of imminent serious physical injury." Id.

Harris's complaint contains no allegation that he is under imminent danger of serious physical injury. See, e.g., Campbell v. City of Chi., 179 F. App'x 395, 396 (7th Cir. 2006) (per curiam) (unpublished); Bennett v. Vaccaro, No. 08 Civ. 4028(LTS)(MHD), 2011 WL 1900185, at *2 (S.D.N.Y. Apr. 11, 2011) (unpublished), report and recommendation adopted in part, 2011 WL 1900172 (S.D.N.Y. May 18, 2011) (unpublished); Moss v. Jones, No. 5:07-cv-29 (HL), 2007 WL 247726, at *1–2 (M.D. Ga. Jan. 25, 2007) (unpublished). Accordingly, Harris has failed to make a colorable showing that this action should proceed under the exception to the three-strikes rule. See 28 U.S.C. § 1915(g). Therefore, the court denies plaintiff's application for leave to proceed in forma pauperis, and dismisses this action without prejudice. See id.

To the extent Harris now seeks to assert additional claims for excessive force during additional arrests against additional defendants,[1] Harris's proposed additional claims suffer from the same fate as his original claims. Thus, the court denies his motion to amend.

II.

In sum, the court GRANTS IN PART defendants' motion to dismiss [D.E. 13], DENIES plaintiff's motion to amend [D.E. 24], and REVOKES plaintiff's application to proceed in forma pauperis [D.E. 2]. The court DISMISSES without prejudice plaintiff's action under 28 U.S.C. §

---

[1] See, e.g., [D.E. 17] at 2 ("Ral. Police Officer D.C. Feree on June 18, 2011 arrested the plaintiff . . . and maliciously injured me" and "previous unknown name of Ral. Police Officer J.M. Miller on Nov. 28, 2006 maliciously and knowingly . . . sweep kick[ed] my bolted ankle" (emphasis omitted)); [D.E. 20] at 1 ("On Aug. 2, 2011 I was 'being detained' . . . . [and] was already injured when . . . Officer Hodge maliciously caused further my left bolted ankle to suddenly collapse . . . then . . . maliciously smashed right side of my head on said roadway" (emphasis omitted)); [D.E. 24] at 1 (alleging September 9, 2011 arrest by Raleigh Police Officer "D.F. Mcquire" who "maliciously injured . . . causing extra punishment to plaintiff's already dislocated left shoulder and swol[l]en/injured left ankle").

4

1915(g). The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 9 day of December 2011.

JAMES C. DEVER III
Chief United States District Judge